# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| COASTAL MAINE BOTANICAL GARDENS, | ) |
| Plaintiff, | ) |
| v. | ) |
| TOWN OF BOOTHBAY, MAINE, | ) |
| Defendant | ) Docket No. 2:17-cv-00493-JDL |
| and | ) |
| VAUGHN C. ANTHONY, JOANNE A. ANTHONY, KEVIN ANTHONY and JASON C. ANTHONY, | ) |
| Intervenors. | ) |

## CONSENT DECREE

Upon the consent of Coastal Maine Botanical Gardens ("CMBG") and the Town of Boothbay (the "Town") (collectively the "Parties"), the Parties stipulate they knowingly and willingly agree to the entry of this Consent Decree by the Court without any further notice to resolve CMBG's claims against the Town as follows:

1. <u>Parties.</u> The following are the parties to this Consent Decree and their counsel of record:

| **Party** | **Counsel** |
|---|---|
| Plaintiff: Coastal Maine Botanical Gardens | George F. Burns, Esq. Bernstein Shur 100 Middle Street; West Tower; 6th Floor PO Box 9729 Portland, ME 04104-5029 207-774-1200 |

1

| Party | Counsel |
|---|---|
| Defendant: | Sally J. Daggett, Esq. |
| Town of Boothbay, Maine | Jensen Baird Gardner & Henry |
|  | 10 Free Street |
|  | PO Box 4510 |
|  | Portland, ME  04112-4510 |
|  | 207-775-7271 |

The Town, acting by and through its duly authorized Board of Selectmen, conducted a public hearing on the terms and conditions set forth in this Consent Decree on March 28, 2018, and at the close of the public hearing, voted to authorize the resolution of CMBG's claims as set forth herein.

2. <u>Current Construction.</u>  CMBG is allowed to complete all construction pursuant to the Development Permit approved by the Boothbay Planning Board on December 15, 2016 and as amended April 19, 2017 and all associated building permits and, thereafter, to use all structures and facilities on its current property (the "Property") in compliance with all applicable laws, ordinances, regulations, licenses, permits and approvals. That portion of the November 9, 2017 Board of Appeals decision concluding that CMBG's use is not an allowed use within the Watershed Overlay Zone is vacated.  Nothing herein is meant to bar the Intervenors from litigating their pending Rule 80B appeal in state court, *Vaughn C. Anthony, et als. v. Town of Boothbay, et al.*, Docket No. WISSC-AP-2018-02. Any further development beyond the December 15, 2016 Planning Board approval, as amended, will need to comply with then existing law.  Parking lots within the Watershed Overlay Zone shall be monitored for stormwater quality in accordance with the monitoring plan as set forth in Paragraph 6 below.

3. <u>CMBG Operation.</u>  So long as CMBG continues to operate as it has, as a botanical garden, at the Property, the Town agrees that CMBG's use of the Property in the General Residential Zone and the Watershed Overlay Zone is to be treated as substantially similar to and compatible with an educational facility (and thus allowed with Planning Board review and approval) for development permit application purposes; provided, however, that future development of the Property shall be subject to the limitations set forth in Paragraph 4.

4. <u>Future Construction.</u>  CMBG shall not seek to construct or in fact construct any additional structures or facilities east of the 2016 Watershed Line shown on Exhibit A attached hereto, except for those structures that are depicted on Exhibit A as being located east of the 2016 Watershed Line; provided, however, that CMBG may seek to and in fact construct pedestrian trails and walkways in accordance with any limitations set forth in any applicable conservation easements and subject to first obtaining all necessary permits and approvals. The Parties understand that all structures depicted on Exhibit A east of the 2016 Watershed Line have been approved by the Maine Department of Environmental Protection pursuant to Site Location of Development Act/Natural Resources Protection Act Permit #L-21490-26-E-B/L-21490-TE-F-M.

5. <u>Conservation Easement.</u>  CMBG shall place a permanent conservation easement on approximately 75 acres of CMBG's land within the Watershed Overlay Zone (the "Conservation Easement"), as depicted in green on Exhibit B attached hereto. CMBG shall work with a qualified person or entity to serve as the Conservation Easement holder and to negotiate the terms of and to finalize and

record the Conservation Easement at the Lincoln County Registry of Deeds. The Conservation Easement shall grant the Town third-party enforcement rights. Failure of Town Meeting to accept the third party enforcement rights shall serve to relieve the Town of any third party rights or obligations and shall not have any effect on this Consent Decree.

6. <u>Monitoring Plan.</u> In order to insure minimal impact to the watershed, CMBG shall implement and comply with the Monitoring Plan attached hereto as Exhibit C attached hereto.

7. <u>Rescission of Stop Work Order.</u> Upon entry of this Consent Decree, the Town's Code Enforcement Officer shall rescind the Stop Work Order issued on November 17, 2017 and amended December 4, 2017.

8. <u>Claims Dismissed</u>. Any and all claims by CMBG against the Town in the above-captioned matter are dismissed with prejudice and without costs or attorneys' fees to any party. Following the Court's entry of this Consent Decree and final resolution of all claims arising therefrom, CMBG shall file a Stipulation of Dismissal in Lincoln County Superior Court, dismissing its Rule 80B Appeal and all independent claims against the Town, Docket No. WISSC-AP-2018-1, with prejudice and without costs or attorneys' fees to any party. The Town is hereby released from any and all claims and demands arising out of CMBG's land use applications, permits, approvals or administrative appeals now existing or which may result from the existing state of things.

9. <u>Defense and Indemnification of Town by CMBG.</u> In the event CMBG and the Intervenors do not finally settle or otherwise resolve all causes of action

4

arising out of the 2016, 2017 and 2018 Planning Board and Board of Appeals decisions or the Consent Decree prior to Court approval of this Consent Decree, then CMBG shall defend, indemnify and hold harmless the Town, its officials, agents and employees, from and against any and all claims, including any monetary and/or attorneys' fee claims, arising thereunder until such a final resolution is reached and the Town, its officials, agents and employees, are fully absolved from all such claims. CMBG has the sole discretion to select defense counsel, and can settle any and all claims at any time and on any terms without requiring approval from the Town so long as such terms do not impose any obligations on the Town.

10. <u>Attorneys' Fees and Costs.</u> In the event of a dispute or an alleged breach by any party of their obligations under this Consent Decree, the prevailing party shall be entitled to reasonable attorneys' fees and costs incurred in connection therewith.

11. <u>Entire Agreement.</u> This Consent Decree supersedes any prior arrangements or understandings by or among CMBG and the Town related to the subject matter hereof. To the extent any of the provisions contained herein are inconsistent with any prior decisions, orders or understandings, the terms of this Consent Decree shall govern.

12. <u>Waiver.</u> CMBG and the Town stipulate they have read and understand the terms of this Consent Decree; hereby waive any right to seek reconsideration of, modify, otherwise challenge or appeal this Consent Decree; and have stipulated that it shall become final immediately upon entry by this Court.

This Consent Decree is a final judgment, and the Court hereby finds that there is no just reason for delaying its entry by the Clerk.

**ORDERED, ADJUDGED,** and **DECREED,** that judgment be entered in accordance with the foregoing.

Dated: April 24, 2018

                                                /s/ **Jon D. Levy**
                                          **U.S. DISTRICT JUDGE**